FRANCIS B. PEABODY *et al.*

*v.*

CHARLES P. DEWEY *et al.*

*Filed at Ottawa October 29, 1894.*

1. CONTRACTS—*whether application for loan embraces gold payment.*
One employing a broker to procure a loan, and agreeing in his ap-
plication to give note and mortgage "in your usual form," is not
bound to give a note payable in gold, though the blanks used by
such broker contained a gold coin clause.

2. SAME—*words "in your usual form," refer to form, only.* The words
"in your usual form," in such application for loan, in the absence
of proof that the borrower signed with full knowledge of such gold
coin clause, will be held to refer to the form of the papers, only,
and not to the kind of money in which the loan should be payable.

*Peabody* v. *Dewey,* 51 Ill. App. 260, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. EDWARD F. DUNNE,
Judge, presiding.

Mr. EDWIN BURRITT SMITH, and Mr. JAMES D. AN-
DREWS, for the appellants :

All writings to which reference is made in a written
contract are parts thereof, and binding upon those sign-
ing it, even though the terms of the documents referred
to may not be known or understood by the parties exe-
cuting it.    *Insurance Co.* v. *Favorite,* 46 Ill. 263 ; *Railway
Co.* v. *Barrett,* 95 id. 480 ; *Black* v. *Railway Co.* 111 id. 351.

Parol evidence of previous negotiations or dealings of
the parties is not admissible to avoid a written contract.
1 Greenleaf on Evidence, secs. 275-278 ; *Baun* v. *Parkhurst,*
26 Ill. App. 128.

Evidence of a former course of dealing is only admis-
sible to explain, add to or modify what is admitted to be
a contract, and never to contradict its terms.    *Barnard*
v. *Kellogg,* 10 Wall. 383 ; *Gilbert* v. *McGinnis,* 114 Ill. 28 ;

153—42

*Tilly* v. *Chicago,* 103 U. S. 162; Wharton on Evidence, sec. 961.

A contract is not fraudulent or invalid merely because it binds a party to do something not intended by him. *Coffin* v. *Taylor,* 16 Ill. 467; *Wood* v. *Price,* 46 id. 439; *Nichols* v. *Mercer,* 44 id. 250; *Broadwell* v. *Broadwell,* 1 Gilm. 599.

Evidence that a party did not acquaint himself with the contents of a contract before signing it is not admissible, unless coupled with proof of actual fraud on the part of the other contracting party. Wharton on Evidence, secs. 1028, 1029, 1243; *Pindar* v. *Insurance Co.* 47 N. Y. 114; Bigelow on Fraud, 526; *Linington* v. *Strong,* 111 Ill. 152.

A written contract can not be defeated on the ground of mistake, or that the minds of the parties did not meet, without proof of mutual mistake or of intentional fraud. *Broadwell* v. *Broadwell,* 1 Gilm. 599; *Manufacturing Co.* v. *Long,* 8 Ill. App. 463; *Strong* v. *Linington,* id. 436, and 107 Ill. 295; *Linington* v. *Strong,* 111 id. 152; *Black* v. *Railway Co.* 111 id. 351.

A person dealing with a firm is bound by its usages, if notified that it has a usage, although the terms of the usage may be unknown to him. *Mills* v. *Bank,* 11 Wheat. 431; *Reeve* v. *Bank,* 9 id. 582; *Fowler* v. *Brantley,* 14 Pet. 318.

Messrs. RUNYAN & RUNYAN, for the appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an action of assumpsit, by appellants, against appellees, commenced in the circuit court of Cook county. The declaration contained the common counts and one special count. The only cause of action relied on is set forth in the special count, in which it is averred that on the 23d day of July, 1890, the defendants made and delivered to the plaintiffs the following written agreement:

"We hereby engage your services to procure for us a loan of $250,000 for five years, with privileges of pre-payment as below stated, at six per cent interest per annum, payable half-yearly, and principal and interest payable at such place as the lender may appoint. As security for such loan we will give a joint and several principal note and interest notes, and a mortgage or trust deed (in your usual form) conveying in fee simple, free of incumbrance, and with release of dower and homestead, the following described real estate, situated in the county of Cook and State of Illinois, to-wit: * * * We will furnish a complete abstract of title of said premises, con-tinued so as to show said mortgage or trust deed, which shall remain in your hands, for the use of the lender, until said loan is paid, and then to be delivered to us, our heirs or assigns. We will pay the fee for recording said mortgage or trust deed, and will pay you a commis-sion of two and one-half per cent on the amount of said loan, for your services in negotiating same.

Chicago, July 23, 1890.

J. Nelson Vance,

By C. P. Dewey, *Att'y*,

Charles P. Dewey, Applicant."

The count then concludes with an averment of per-formance of the agreement on the part of plaintiffs, in procuring the loan for the amount and upon the terms therein stated, and that the defendants failed and refused to pay them the commission of two and one-half per cent, amounting to the sum of $6250. The defendants filed a plea of non-assumpsit, and the issue was tried by the court without a jury, and judgment entered against plain-tiffs for costs. The Appellate Court having affirmed that judgment, this appeal is prosecuted.

There is no disagreement between the parties as to the fact that the contract declared on was signed by Dewey, for himself and Vance, as shown by the writing, and that appellants soon thereafter negotiated a loan for

the required amount. Under date of August 6, 1890, they caused to be prepared, and presented to appellees for their signatures and acknowledgment, one principal note for $250,000 and several interest coupons, together with a trust deed securing the payment of the same. Each of these notes was on a blank form, in which was printed, due "in the gold coin of the United States, of the present standard of weight and fineness." The trust deed was also on a blank form, in which was printed a description of the notes as above. Appellees objected to the "gold coin clause," as it is termed, and on that ground alone refused to execute the notes and trust deed. Plaintiffs insisting that they conformed to the requirements of the agreement contained in the application, refused to furnish the loan on other terms, and it was therefore never made.

Appellants proved on the trial that on July 23, 1890, and for about nine months prior thereto, the only blank forms of notes and trust deeds used by them for securing loans were like those filled out and presented to the defendants, containing the "gold coin clause," and they insist that the words of the application, "as security for such loan we will give a joint and several principal note and interest notes, and a mortgage or trust deed (in your usual form) conveying," etc., was an agreement to give notes and a mortgage or trust deed providing for payment "in gold coin of the United States of the present standard weight and fineness." Appellees were allowed to prove, over objection, that formerly, and for several years, appellants had used forms without the "gold coin clause;" that on two or three occasions, in the years 1885 and 1886, Dewey made loans from them, signing applications precisely like the one in question, and executing notes and mortgages therefor in the forms then used, making the last payment thereon to appellants by bank check; also, that he examined two mortgages executed upon their forms, about two years prior to this applica-

tion.    On these facts appellees insist, that when Dewey
signed the application he understood, and was justified
in understanding, that the words meant no more than
that the notes were to be payable in the usual way, and
so secured by a mortgage or trust deed.

The only question of law raised upon the record is,
whether the evidence objected to was competent.    It is
first said, it was inadmissible for want of a sworn plea
denying the execution of the agreement sued on.    This is
so clearly a misapprehension of the defense relied upon
that attention need only be called to the fact that the
defendants do not deny the making of the contract as it
is set out in the declaration, but insist that it does not
bear the construction placed upon it by the plaintiffs.
That defense could properly be made under the general
issue.

The objection to the testimony on the merits of the
case is based on the assumption that by the use of the
words "in your usual form," the "gold coin clause" in their
blank notes and trust deeds became a part of the written
application, thereby making it an agreement by the de-
fendants to give notes payable in gold, etc., and parol
testimony could not be received to give it a different
meaning.    The error in the position consists in treating
the expression, *"in your usual form,"* as being of itself suf-
ficient to import into the contract the "gold coin clause"
in the blank forms.    The agreement, considered as a
whole, bears no such construction.    The mere fact that
the applicants agreed to give a mortgage or trust deed
in a particular *form* did not, of itself, bind them to make
payments upon unusual terms and conditions, though
printed in those forms.    The application is for "a loan of
$250,000 for five years,    *    *    *    at six per cent interest
per annum, payable half-yearly, and principal and inter-
est payable at such place as the lender may appoint."
This clearly means, payable in any money which could
be legally offered for that purpose.    To say that by agree-

ing to give notes and a mortgage or trust deed in the other parties' usual form, to secure them, they bound themselves to pay in gold coin of the United States, etc., because that unusual condition was printed in those forms but unknown to them, is most unreasonable, and can find no support in the law of contracts. Any one signing this application would reasonably understand the words in parenthesis to refer to the form of the mortgage or trust deed, and not to the particular kind of money in which the notes were to be payable.

In the argument, counsel for appellants treat these words as synonymous with "upon the terms and conditions set forth in your usual form," and they liken it to cases in which a written contract refers to and makes the terms and conditions of another instrument a part of it. Manifestly there is no analogy between that class of cases and this. It is undoubtedly the duty of a party to acquaint himself with the terms of a contract to which he is a party before he enters into it, and if other instruments or agreements are made a part of the contract he is bound to know the terms and conditions of such instrument or agreement. But, as seen, no such agreement is here shown.

In our view of this record, before the plaintiffs below could recover, the burthen was on them to show, by proof other than the written agreement and forms used by them at the time, that the defendants, or Dewey, who signed the application, knew that their forms contained a provision for payments in a particular kind of money, and entered into the agreement with that understanding, —in other words, their own proof failed to make a case, and even if the testimony offered by the defendants had been incompetent, no injury resulted to them by its introduction. Leaving all that evidence out of the case, the judgment of the circuit court was clearly right. The testimony objected to was, in view of the case made by the plaintiffs, unnecessary to the defense, but it tended to

support the proper construction of the agreement, viz., that the parties signing it are not conclusively presumed to have intended, by its mere execution, to bind themselves to give notes and mortgage to secure the re-payment of the money borrowed in a particular kind of money.

We entertain no doubt as to the correctness of the judgment below. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*